IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH WANG, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA | Civil Case No. <br><br> **PETITION FOR A WRIT OF HABEAS CORPUS** |

1. On October 2, 1992, Petitioner Joseph Wang was sentenced to four terms of life in prison on four counts of conviction. He seeks a writ of habeas corpus vacating those sentences and ordering a new sentencing proceeding that is consistent with *Miller v. Alabama*, 132 S. Ct. 2455 (2012).

2. Because this is not Mr. Wang's first petition for a writ of habeas corpus (the "Petition"), he is filing on June 20, 2013 in the U.S. Court of Appeals for the Second Circuit a Motion for an Order Authorizing the District Court to Consider A Successive Or Second Motion To Vacate, Set Aside Or Correct Sentence Pursuant to 28 U.S.C. §§ 2244(b), 2255(h) by a Prisoner In Federal Custody (the "Second Circuit Motion"). Mr. Wang respectfully requests that this Court hold this Petition in abeyance pending the disposition of his Second Circuit Motion.[1]

## JURISDICTION AND VENUE

3. Mr. Wang is currently in federal custody at the Ray Brook Federal Correctional Institution in Ray Brook, New York, but his "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. This Court has jurisdiction to hear this Petition under 28 U.S.C. § 2255 and 28 U.S.C. § 2241.

---

[1] Mr. Wang is filing this Petition to ensure his compliance with the one-year statute of limitations under 28 U.S.C. § 2255(f)(3), which commenced on June 25, 2012, the date of the Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012). *See Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996).

4. Venue is proper in this Court as this Court "imposed the sentence" Mr. Wang is now serving. 28 U.S.C. § 2255(a).

## PROCEDURAL HISTORY

5. Pursuant to 28 U.S.C. §§ 2255(h)(2) and 2244, Mr. Wang filed his Second Circuit Motion on June 20, 2013 seeking authorization to file a successive petition for a writ of habeas corpus.

6. Mr. Wang's Second Circuit Motion, like this Petition, is based upon the new rule announced in *Miller v. Alabama*, 132 S. Ct. 2455 (2012) that a mandatory life sentence imposed on a juvenile homicide offender violates the Eight Amendment of the U.S. Constitution.

## STATEMENT OF FACTS

7. In the spring of 1988, when he was 15 years old,[2] Joseph Wang joined the "Green Dragons," a youth gang that operated in the Elmhurst and Flushing neighborhoods of Queens.

8. Mr. Wang was arrested in 1990, and, with six co-defendants, convicted after trial in this Court of criminal charges in connection with his participation in the gang.

9. Mr. Wang was convicted of eight counts, four of which are relevant here.

10. Count 1 was a charge of racketeering in violation of 18 U.S.C. § 1962(c).

11. Count 2 was a charge of racketeering conspiracy in violation of 18 U.S.C. § 1962(d).

12. Counts 6 and 7 were charges of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1).[3]

---

[2] Mr. Wang was born on January 5, 1973.

[3] In addition to these counts, Mr. Wang was also convicted of four additional counts, but none of these convictions carried a life sentence and none is at issue in this Petition. Mr. Wang has already served the sentences on these convictions.

13. Underlying these charges were two murders: one of a restaurant manager and the other of a restaurant patron who witnessed the first murder.

14. Mr. Wang was 16 years old at the time of these crimes.

15. For these murders, this Court sentenced Mr. Wang to life in prison on October 2, 1992.

16. Under the 1991 version of the U.S. Sentencing Guidelines, Mr. Wang's base offense level for these offenses was 43, which carried a sentence of life imprisonment.

17. This Guidelines sentence was mandatory under 18 U.S.C. § 3553(b). *See United States v. Booker*, 543 U.S. 220, 234 (2005).

18. At Mr. Wang's sentencing hearing, his counsel pursued the only avenue of potential relief from this mandatory sentence: a downward departure.

19. Federal law at that time required that any departure be based on a factor not adequately considered by the Sentencing Commission in fashioning the Guidelines. *See* 18 U.S.C. § 3553(b) (1988).

20. At the time of Mr. Wang's sentencing, youth was "not ordinarily relevant" as a departure ground. *See* U.S. Sentencing Guidelines Manual § 5H1.1 (1991).

21. At the time of Mr. Wang's sentencing, neither the Guidelines themselves, the Second Circuit, nor this Court had identified any extraordinary circumstance in which youth would be relevant to a court's sentencing determination.

22. This Court denied Mr. Wang's downward departure application.

23. Although this Court stated that it took Mr. Wang's youth into account, it did not – and at the time, could not – consider any of the factors that *Miller* requires a sentencing court to take into account under the Eighth Amendment before imposing a life sentence for a juvenile

homicide offense, including the effect of a juvenile's "immaturity, recklessness, and impetuosity" on the deterrent value of a life sentence, and whether a life sentence was consistent with a judgment that the defendant "forever will be a danger to society." *Miller*, 132 S. Ct. at 2464 (quotation marks omitted).

24. Four of Mr. Wang's co-defendants also made motions for downward departures based on "lack of youthful guidance" or their youth, but this Court denied them all and sentenced each to life imprisonment, as the Guidelines dictated.

25. On appeal, the Second Circuit affirmed Mr. Wang's life sentences (and those imposed on his co-defendants), agreeing with this Court's rejection of youth as a factor in Mr. Wang's sentencing and its denial of a downward departure on the basis of his youth. *See United States v. Wong*, 40 F.3d 1347, 1382 (2d Cir. 1994).

26. Subsequently, Mr. Wang filed two distinct collateral challenges to his conviction.

27. In 1996, Mr. Wang filed a petition for a writ of habeas corpus under 28 U.S.C. § 2255, asserting prosecutorial misconduct and ineffective assistance of counsel. It was denied.

28. In 2006, Mr. Wang filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure challenging his convictions. It was also denied.

29. On June 25, 2012, the United States Supreme Court announced its decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), and held that a mandatory life sentence without the possibility of parole, when imposed on a juvenile homicide offender, violates the Eight Amendment's prohibition on cruel and unusual punishments.

30. *Miller* announced a new rule of constitutional law that is substantive, and therefore applies retroactively on collateral review, pursuant to the Supreme Court precedent, including *Teague v. Lane*, 489 U.S. 288 (1989), and *Tyler v. Cain*, 533 U.S. 656 (2001).

31. Because this is not Mr. Wang's first petition for a writ of habeas corpus under 28 U.S.C. § 2255, Mr. Wang may not file this Petition without authorization from the Second Circuit. 28 U.S.C. § 2255(h).

32. In an abundance of caution, Mr. Wang is filing this Petition in this Court simultaneously with his Second Circuit Motion to ensure that he satisfies the one-year statute of limitations under 28 U.S.C. § 2255(f)(3), which runs on June 25, 2013.

33. Mr. Wang respectfully requests that this Court hold this Petition in abeyance pending the disposition of his Second Circuit Motion.

34. Mr. Wang respectfully requests that this Court permit him to file additional materials in support of this Petition, and to amend this Petition as necessary, should his Second Circuit Motion be granted.

35. Mr. Wang's Second Circuit Motion and the declaration supporting that Motion are attached, respectively, as Exhibits 1 and 2 of this Petition.

## PRAYER FOR RELIEF

For the reasons set forth above, as well as for the reasons stated in the attached materials, and based on such further proceedings and submissions that may occur in this matter, Mr. Wang respectfully requests that this Court:

1. Vacate his sentences and order a new sentencing proceeding which meaningfully takes into account all the attributes of youth and other individual mitigating factors required by the Supreme Court's ruling in *Miller v. Alabama*, 132 S. Ct. 2455 (2012).

2. Grant such other and further relief as the Court may consider just and proper under the circumstances.

Date: June 20, 2013

Respectfully submitted,

_____
Anthony S. Barkow
Brian J. Fischer
Michael W. Ross
Jenner & Block LLP
919 Third Avenue, 38th Floor
New York, New York 10022-3908
Telephone: 212-891-1600
Facsimile: 212-909-0815
abarkow@jenner.com
bfischer@jenner.com
mross@jenner.com

*Pro Bono Counsel for Petitioner*