IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH WANG,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA | Case No. 13-cv-3524(DLI) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
RECONSIDER ORDER DISMISSING PETITION**

Anthony S. Barkow
Brian J. Fischer
Michael W. Ross
Jenner & Block LLP
919 Third Avenue, 38th Floor
New York, New York 10022-3908
Telephone: 212-891-1600
Facsimile: 212-909-0815

*Pro Bono Counsel for Petitioner*

On behalf of Petitioner Joseph Wang, we respectfully request that the Court reconsider its June 24, 2013 Order ("June 24 Order"), dismissing Mr. Wang's Petition for Writ of Habeas Corpus (Dkt. No. 1) (the "Petition") "without prejudice pending decision by the Second Circuit Court of Appeals on petitioner's request for leave to file a second or successive habeas petition." Petitioner respectfully requests that this Court transfer Mr. Wang's Petition to the U.S. Court of Appeals for the Second Circuit pursuant to the procedure established in *Liriano v. United States*, 95 F.3d 119 (2d Cir. 1996).

## BACKGROUND

On June 20, 2013, Petitioner filed the Petition seeking to vacate his life sentence based upon the Supreme Court's ruling in *Miller v. Alabama*, 132 S. Ct. 2455 (June 25, 2012). That decision announced "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" to Mr. Wang. 28 U.S.C. § 2255(h)(2). The procedure set forth under 28 U.S.C. §§ 2244(b)(3) and 2255 requires that, in order to for Mr. Wang to pursue such a petition, the Second Circuit must certify that Mr. Wang has made a "prima facie showing" that he is entitled to habeas relief. 28 U.S.C. § 2244(b)(3)(C); *see id.* § 2255(h); *Bell v. United States*, 296 F.3d 127, 128 (2d Cir. 2002). Accordingly, on June 20, 2013, Mr. Wang filed a motion before the Second Circuit seeking such certification. That motion is currently pending before the Second Circuit under the caption *Wang v. United States*, No. 13-2426 (2d Cir.) ("Second Circuit Motion").

On June 20, 2013, contemporaneously with the Second Circuit Motion, Mr. Wang filed this Petition. Under 28 U.S.C. § 2255(f)(3), there is a one-year limitations period for second or successive habeas petitions filed under § 2255, which runs from, as relevant here, the date on which the "right asserted was initially recognized by the Supreme Court, if that right has been

1

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Since the Supreme Court's decision announcing a new rule in *Miller* was handed down on June 25, 2012, the applicable statute of limitations extends until June 25, 2013.

Acknowledging that authorization is required by the Second Circuit, Mr. Wang requested that this Court "hold this Petition in abeyance pending the disposition of his Second Circuit Motion." *See* Petition ¶ 2. Mr. Wang filed this Petition out of an abundance of caution to ensure that his Petition was timely filed, on account of the Second Circuit's ruling in *Liriano* that a petition filed initially in the district court is deemed filed as of that date. *See* 95 F.3d at 193. In the event Mr. Wang's Second Circuit Motion is granted, Mr. Wang must have filed before June 25, 2013 to meet the one-year statute of limitations.[1]

On June 24, 2013, this Court dismissed the Petition *sua sponte* "without prejudice pending decision by the Second Circuit Court of Appeals on petitioner's request for leave to file a second or successive habeas petition." In dismissing the Petition, this Court cited *Poindexter v. Nash*, 333 F.3d 372 (2d Cir. 2003) and ruled that "this Court is without jurisdiction to decide the motion to vacate, set aside or correct sentence or even petitioner's request to hold the petition in abeyance pending the Second Circuit's decision." *Id*. Petitioner now seeks reconsideration of the dismissal.

---

[1] *Liriano* does not clearly hold that the relevant date is the date of filing in the district court. An equally plausible reading of *Liriano* is that the relevant date for statute of limitations purposes is the date of the initial filing in any court: whether that initial filing be the unauthorized petition in the district court, as it was in *Liriano*, or the motion for authorization in the Second Circuit. Given the stakes, Mr. Wang has filed his Petition here out of an abundance of caution in order to ensure his Petition is timely should a court determine that 28 U.S.C. § 2255(f)(3) requires a district court filing by the expiration of the limitations period.

**ARGUMENT**

Pursuant to Rule 60, we respectfully request reconsideration of the Court's June 24, 2013 order dismissing the Petition on the grounds that the Court overlooked clearly established authority in the Second Circuit that a district court should transfer to the Court of Appeals – but should not dismiss – a second or successive petition for habeas corpus that was filed without authorization by the Second Circuit. *See Liriano v. United States*, 95 F.3d 119 (2d Cir. 1996).

A. **Standard of Review on Motion for Reconsideration**

Under Federal Rule of Civil Procedure 60(b)(1), a district court should set aside a ruling, upon request for reconsideration, where "the Court overlooked important matters or controlling decisions that would have influenced the prior decision." *In re Fischer*, No. 12–CV–5397 (JS)(ARL), 2013 WL 2316665, at *2 (E.D.N.Y. May 28, 2013) (internal quotation marks omitted); *see also Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1999) (explaining that reconsideration is merited if the moving party can "demonstrate that the Court overlooked controlling decisions . . . that were put before it on the underlying motion."). Reconsideration may be granted where the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court. *See Wechsler v. Hunt Health Sys.*, 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002); *see also* Fed. R. Civ. P. 60(b)(6) (permitting reconsideration for "any other reason that justifies relief").

B. *Liriano*: **Second Circuit Precedent Regarding Transfer**

The procedure in this Circuit for addressing a second or successive habeas petition that is filed in the district court without authorization from the Second Circuit is set forth in *Liriano v. United States*, 95 F.3d 119 (2d Cir. 1996). In that case, a federal prisoner had filed a successive petition for habeas corpus in the district court without first obtaining authorization from the

Second Circuit pursuant to 28 U.S.C. §2255(h). The district court transferred the petition to the Second Circuit pursuant to the authority set forth in 28 U.S.C. § 1631 (permitting transfer where there is "want of jurisdiction" but where "it is in the interest of justice" to transfer to "any other such court in which the action . . . could have been brought"). The Second Circuit's opinion affirmed the use of a transfer order in these circumstances and held that:

> [W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to this Court in the interest of justice pursuant to § 1631, as was done in this case.

*Liriano*, 95 F.3d at 123. When this procedure is employed, "the petition for habeas corpus will be deemed filed for the purposes of the one-year limitation periods established by §§ 2244(d) and 2255, on the date of its initial filing in the district court." *Id.*

In the years since *Liriano*, this procedure has repeatedly been utilized by district courts within this Circuit when faced with second or successive motions for habeas corpus. *See, e.g.*, *Brown v. United States*, No. 11-cv-3580(RJD), 2011 WL4543060, at *2 (E.D.N.Y. Sept. 23, 2011) (transferring unauthorized second or successive Section 2255 habeas petition to Second Circuit); *Samules v. Burge*, No. 05-cv-4140(DLI), 2005 WL 2219299, at *1 (E.D.N.Y. Sept. 13, 2005) (same); *Bisaccia v. United States*, Nos. 97-cv-6683(ILG), 2000 WL 1677747, at *3 (E.D.N.Y. Sept. 18, 2000) (same); *Danielson v. United States*, Nos. 01-cv-1182(RPP), 2001 WL 1646164, at *1 (S.D.N.Y. Dec. 20, 2001) (same); *D'Amico v. United States*, Nos. 94-cv-3825(PKL), 2000 WL 686371, at *4 (S.D.N.Y. May 26, 2000) (same); *see also Gandarilla v. Artuz*, 322 F.3d 182, 186 (2d Cir. 2003) ("When a second or successive petition or motion is

4

filed in the district court, the district court must transfer the new petition or motion to the court of appeals for a determination of whether the petition may be filed.").[2]

### C. Mr. Wang's Petition

Respectfully, the Court overlooked this controlling precedent in dismissing Mr. Wang's Petition. The Court cited the Second Circuit's decision in *Poindexter v. Nash*, 333 F.3d 372, 382 (2d Cir. 2003), for the proposition that it lacked jurisdiction to hold the Petition in abeyance and must dismiss. *See* June 24 Order. But *Poindexter* does not support that result. *Poindexter*, and similar authority citing *Liriano*, holds that a district court has no jurisdiction to "reach[] *the merits*" of a successive habeas petition without prior authorization. *Corrao v. United States*, 152 F.3d 188, 190 (2d Cir. 1998) (emphasis added). *Poindexter* did not call for *dismissal* of an unauthorized habeas petition; instead, the district court in *Poindexter* had *transferred* a successive petition for habeas corpus to the Second Circuit after determining that it had not yet been authorized by the Second Circuit. 333 F.3d at 382. In affirming the decision, the Second Circuit, citing *Liriano* and consistent with the precedent cited above, held:

> Where the court determines that an application raises only claims which are properly brought under § 2255, that the applicant has filed a prior § 2255 motion which was dealt with on the merits, and that no authorization from the court of appeals has been obtained as mandated by § 2244(b)(3), the district court *must* transfer the motion to this Court.

*Id* (emphasis added). Thus, rather than calling for dismissal for lack of jurisdiction, *Poindexter* mandates the transfer of the Petition to the Second Circuit.

---

[2] This procedure should apply to *pro se* and represented prisoners alike. To hold otherwise (and despite the Second Circuit never holding otherwise) would place represented prisoners at a distinct disadvantage for having retained counsel. This is because if represented prisoners could not rely on the *Liriano* rule of transfer, such prisoners would have to file their motion for authorization, obtain authorization, and then file their petition in the district court *all* within the one-year period of limitation, whereas unrepresented prisoners would, under *Liriano*, have that same year simply to file a petition in the district court. Putting represented prisoners at that disadvantage could not have been the result intended by *Liriano*.

5

The only feature of this case that differs from *Liriano* and its progeny, including *Poindexter*, is that this case involves the simultaneous filing of the Petition before this Court and the Second Circuit Motion. But that is not a basis to dismiss the Petition, and certainly *Poindexter* does not dictate dismissal.

Had Mr. Wang solely filed the Petition in this Court on June 20, 2013, *Liriano* would be on all fours and unmistakably require the transfer to the Second Circuit, followed by an opportunity for Mr. Wang to file a motion for authorization. *See* 95 F.3d at 123. Assuming a successful authorization motion, his Petition would be deemed filed as of June 20, 2013. *See id.*

Rather than engaging in this lengthy procedure, Mr. Wang filed the Second Circuit Motion and the Petition simultaneously, and it would ill-serve the aims of judicial efficiency to require those applications serially rather than simultaneously, when both achieve the same result. Although the Court has concluded that holding Mr. Wang's Petition in abeyance is not appropriate, the result should not be dismissal; instead, under *Liriano* and its progeny, the Court should transfer the Petition to the Second Circuit to be consolidated with Mr. Wang's pending Second Circuit Motion.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that this Court reconsider its June 24 Order dismissing his Petition by granting this motion, vacating that Order, and transferring this Petition to the United States Court of Appeals for the Second Circuit to be consolidated with *Wang v. United States*, No. 13-2426 (2d Cir.).

Date: June 24, 2013

Respectfully Submitted,

　/s/ Brian J. Fischer　　　
Anthony S. Barkow
Brian J. Fischer
Michael W. Ross
Jenner & Block LLP
919 Third Avenue
New York, New York 10022
Telephone: 212-891-1600
Facsimile: 212-909-0815

*Pro Bono Counsel for Movant*