EXHIBIT

1

E.D.N.Y.- Bklyn<br>
96-cv-1453<br>
13-cv-3522<br>
Gershon, J.

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand thirteen.

Present:
> Jose A. Cabranes,
> Richard C. Wesley,[*]
> > *Circuit Judges*.

Joseph Wang,

> *Petitioner*,

> v.　　　　　　　　　　　　　　　　　　　　　13-2426

United States of America,

> *Respondent*,

Juvenile Law Center,

> *Amicus Curiae.*

Petitioner, *pro se*, requests an order authorizing the United States District Court for the Eastern District of New York to consider a successive 28 U.S.C. § 2255 motion. Upon due consideration, it is hereby ORDERED that the motion is GRANTED to allow him to file a § 2255 motion raising his proposed claim based on *Miller v. Alabama,* 132 S. Ct. 2455 (2012). *See Stone v. United States,* U.S.C.A. Dkt. 13-1486 at doc. 25 (order finding that petitioner had made a *prima facie* showing that

---

[*] The Honorable Reena Raggi recused herself from consideration of this motion. Pursuant to Second Circuit Internal Operating Procedure E(b), the matter is being decided by the two remaining members of the panel.

SAO-MLM

CERTIFIED COPY ISSUED ON 07/16/2013

*Miller* set forth a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable), and doc. 19 (Government's response agreeing that *Miller* qualifies under § 2255(h)); *see also Hill v. Snyder,* 2013 WL 364198, at *2 n.2 (E.D. Mich. Jan. 30, 2013) (noting that the court would find *Miller* retroactive on collateral review). *But see In re Morgan*, 713 F.3d 1365, 1367-68 (11th Cir. 2013) (finding *Miller* not retroactive on collateral review); *Craig v. Cain*, 2013 WL 69128, at *2 (5th Cir. Jan. 4, 2013) (same).

Since this Court has only determined that Petitioner has made a *prima facie* showing that he has satisfied the successive petition requirements, *see* 28 U.S.C. § 2244(b)(3)(C), the district court is directed to address, as a preliminary inquiry under § 2244(b)(4), whether the United States Supreme Court's decision in *Miller* announced a new rule of law made retroactive to cases on collateral review, and thus permits Petitioner's new § 2255 claim to proceed. *See Quezada v. Smith*, 624 F.3d 514, 521-22 (2d Cir. 2010); *Bell v. United States*, 296 F.3d 127, 128 (2d Cir. 2002) ("the *prima facie* standard [applies to] our consideration of successive habeas applications under § 2255 . . . ."). Finally, it is further ORDERED that Respondent's motion for an extension of time to file its response in this proceeding is DENIED as moot given the response filed by Respondent on July 3, 2013.

                                                 FOR THE COURT:
                                                 Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit