# EXHIBIT

# 2

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

MOTION FOR AN ORDER AUTHORIZING THE DISTRICT COURT
TO CONSIDER A SUCCESSIVE OR SECOND MOTION TO
VACATE, SET ASIDE OR CORRECT SENTENCE
PURSUANT to 28 U.S.C. §§ 2244 (b), 2255(h)
BY A PRISONER IN FEDERAL CUSTODY

NAME:
Joseph Wang

PLACE OF CONFINEMENT:
FCI Ray Brook

PRISONER NUMBER:
30026-053

## Instructions–Read Carefully

(1)    This motion must be legibly handwritten or typewritten and signed by the applicant under
penalty of perjury. All documents must be on 8½ x 11 inch paper; the Court will not
accept other paper sizes. Any false statements of a material fact may serve as the basis
for prosecution and conviction for perjury.

(2)    All questions must be answered concisely in the proper space on the form.

(3)    Movant seeking leave to file a second or successive petition is required to use this form.

(4)    Movant may use additional pages only to explain additional grounds for relief and facts
that support those grounds. Separate petitions, motions, briefs, arguments, etc. should not
be submitted.

(5)    In capital cases only, the use of this form is optional, and separate petitions, motions,
briefs, arguments may be submitted.

Rev. 10..27..2011

(6)    Movant must show in the motion to the Court of Appeals that the claim to be presented in a second or successive habeas corpus application is based upon either

    (1)    newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

    (2 )    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

(7)    Send the completed motion, the original and two copies, to:

    **Clerk of Court**
    **United States Court of Appeals for the Second Circuit**
    **Thurgood Marshall United States Court House**
    **40 Foley Square**
    **New York, New York 10007**

Rev. 10..27..2011

## MOTION

1.  (a)  State and division of the United States District Court which entered the judgment
        of conviction under attack
        Eastern District of New York

    (b)  Case number CR 90-1019 (RR)

2.  Date of judgment of conviction August 1, 1995

3.  Length of sentence Life          Sentencing Judge Reena Raggi

4.  Nature of offense or offenses for which you were convicted: (1) Racketeering;
    (2) Racketeering Conspiracy; (3) Conspiracy to murder;
    (4) & (5) Murder in aid of racketeering; (6) Conspiracy to commit
    assault; (7) Conspiracy to commit extortion; (8) Extortion.

5.  Have you taken a direct appeal relating to this conviction and sentence in the federal
    court? Please see attached page.
    Yes ( )  No ( )  If "yes", please note below:

    (a) Name of court _____
    (b) Case number _____
    (c) Grounds raised (list all grounds; use extra pages if necessary) _____
    _____
    _____
    _____

    (d) Result _____
    (e) Date of result _____

6.  Related to this conviction and sentence, have you ever filed a motion to vacate in any
    federal court?
    Yes ( X)  No ( )
    If "yes", how many times? ____2____ (if more than one, complete7 and 8
    below as necessary
    (a) Name of court U.S. District Court for the Eastern District of New York.
    (b) Case number CV 96-1453
    (c) Nature of proceeding Section 2255 habeas corpus petition.
    _____
    _____

(d) Grounds raised (list all grounds; use extra pages if necessary) (1) Ineffective assistance of counsel; (2) prosecutorial misconduct due to use of false evidence.

_____

_____

(e) Did you receive an evidentiary hearing on your motion? Yes ( ) No (x)
(f) Result Petition denied.

(g) Date of result January 30, 1997

7.  As to any second federal motion, give the same information:
    (a) Name of court U.S. District Court for the Eastern District of New York
    (b) Case number CV 96-1453
    (c) Nature of proceeding Rule 60(b) Motion to Alter Judgment

    (d) Grounds raised (list all grounds; use extra pages if necessary) (1) Sixth Amendment violation due to life sentence imposed for first degree murder based on conviction for second degree murder; (2) district court erred by applying U.S.S.G. § 2A1.1 for first degree murder rather than § 2A1.2 for second degree murder.
    (e) Did you receive an evidentiary hearing on your motion? Yes ( ) No (x)
    (f) Result Denied.
    (g) Date of result January 3, 2006

8.  As to any third federal motion, give the same information:
    (a) Name of court N/A
    (b) Case number _____
    (c) Nature of proceeding _____

    _____

    _____

    (d) Grounds raised (list all grounds; use extra pages if necessary) _____

    _____

    _____

    _____

    (e) Did you receive an evidentiary hearing on your motion? Yes ( ) No ( )
    (f) Result _____
    (g) Date of result _____

9.  Did you appeal the result of any action taken on your federal motions? (Use extra pages to reflect additional federal motions if necessary)
    (1) First motion No (X )  Yes ( )  Appeal No. _____
    (2) Second motion No (X )  Yes ( )  Appeal No. _____
    (3) Third motion No ( )  Yes ( )  Appeal No._____

10. If you did not appeal from the adverse action on any motion, explain briefly why you did not: Certificate of appealability denied as to first motion. _____

    _____
    _____
    _____
    _____

11. State concisely every ground on which you now claim that you are being held unlawfully. Summarize briefly the facts supporting each ground.
    A.  Ground one: Mandatory life sentences violate Eighth Amendment.

        _____

        Supporting FACTS (tell your story briefly without citing cases or law):
        Movant was sentenced to mandatory life sentences for murders committed as a juvenile. Further factual and legal support will be set forth in accompanying materials.

        _____
        _____

        Was this claim raised in a prior motion? Yes ( )  No (X )

        Does this claim rely on a "new rule of law?" Yes (X )  No ( )
        If "yes," state the new rule of law (give case name and citation):
        In Miller v. Alabama, 132 S. Ct. 2455 (2012) the U.S. Supreme
        Court held that mandatory life sentences for juveniles
        convicted of murder violate the Eighth Amendment.

        Does this claim rely on "newly discovered evidence?" Yes ( )  No (X )
        If "yes," briefly state the newly discovered evidence when it was discovered, and why it was not previously available to you.
        N/A _____

        _____
        _____
        _____
        _____
        _____

B.     Ground two:   N/A

Supporting FACTS (tell your story briefly without citing cases or law):

Was this claim raised in a prior motion? Yes ( )  No ( )

Does this claim rely on a "new rule of law?" Yes ( )  No ( )
If "yes," state the new rule of law (give case name and citation):

Does this claim rely on "newly discovered evidence?" Yes ( )  No ( )
If "yes," briefly state the newly discovered evidence when it was discovered, and
why it was not previously available to you.

**[Additional grounds may be asserted on additional pages if necessary]**

12.    Do you have any motion or appeal now pending in any court as to the judgment now
under attack? Yes ( )  No ( X)
If "yes," Name of court _____ Case number _____

Page 6

Wherefore, movant prays that the United States Court of Appeals for the Second Circuit grant an Order Authorizing the District Court to Consider Movant's Second or Successive Motion to Vacate under 28 U.S.C. § 2255.

_Joseph Wang_
Movant's Signature

I declare under Penalty of Perjury that my answers to all the questions in this motion are true and correct.

Executed on _June, 7, 2013_          _Joseph Wang_
[date]                                            Movant' s Signature

## PROOF OF SERVICE

Movant must send a copy of this motion and all attachments to the United States Attorney's office in the district in which you were convicted.

I certify that on _June 20, 2013_ , I mailed a copy of this motion*
[date]

and all attachments to _Peter Norling, AUSA_ at the following address:

_Office of the U.S. Attorney, 271 Cadman Plaza East, Brooklyn, New York 11201 Vie FedEx_

_William W. Ros_
Movant's Signature
Pro Bono Counsel for Movant

---

\*     Pursuant to FRAP 25(a), " Papers filed by an inmate confined in an institution are timely filed if deposited in the institution's internal mail system on or before the last day of filing. Timely filing of papers by an inmate confined in an institution may be shown by a notarized statement or declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid."

Page 7

Joseph Wang

Motion for An Order Authorizing the District Court to Consider a Successive or Second Motion to Vacate, Set Aside, Or Correct Sentence Pursuant to 28 U.S.C. §§ 2244(b), 2255(h) by a Prisoner in Federal Custody

## Question #5:  Direct Appeal

5.  (a)  Name of court:  U.S. Court of Appeals for the Second Circuit

   (b)  Case number: 92–1602, 92–1640, 92–1647 to 92–1652, and 92–1701

   (c)  Grounds raised:  (1) Admissibility of pre-trial and trial identifications; (2) lack of federal jurisdiction under Juvenile Delinquency Act; (3) adequacy of jury instructions and sufficiency of evidence on RICO charges; (4) admissibility of phone calls; (5) challenge to anonymous jury; (6) admissibility of evidence of uncharged crimes; (7) district court's failure to depart downward on sentencing based on youthful lack of guidance and failure of Sentencing Commission to account for youth gang cases; (8) excessive fines; (9) insufficient evidence to support robbery convictions and robbery conspiracy; (10) admissibility of crime scene photograph; (11) insufficient evidence to support murder convictions.

   (d)  Result:  Affirmed on all convictions and sentences and vacated and remanded on fines.

   (e)  Date of result:  November 8, 1994