UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JOSEPH WANG,  :
 :
                Petitioner,  :
 :           **SUMMARY ORDER**
        -against-  :           13-CV-3524 (DLI)
 :
UNITED STATES OF AMERICA,  :
 :
                Respondent.  :
 :
------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

On October 2, 1992, petitioner Joseph Wang ("Petitioner") was sentenced to four terms of life in prison on four counts of conviction. On June 20, 2013, Petitioner filed a motion pursuant to 28 U.S.C. §2255 seeking to vacate his sentence on the ground that it violated the United States Supreme Court's ruling in *Miller v. Alabama*, 132 S. Ct. 2455 (2012). (*See generally* Motion to Vacate, Set Aside or Correct Sentence, Docket Entry No. 1.) As this was not Petitioner's first motion pursuant to Section 2255, on June 20, 2013, he also filed a motion in the United States Court of Appeals for the Second Circuit for an order authorizing this Court to consider his successive petition. *See* 28 U.S.C. §§ 2244(b), 2255(h).

On July 16, 2013, the Second Circuit granted Petitioner's motion and directed this Court "to address, as a preliminary inquiry under § 2244(b)(4), whether the United States Supreme Court's decision in *Miller* announced a new rule of law made retroactive to cases on collateral review, and thus permits Petitioner's new § 2255 claim to proceed." *Wang v. United States*, 2013 U.S. App. LEXIS 20386 (2d Cir. July 16, 2013) (unpublished); (USCA Order, Docket Entry No. 4.)

On July 17, 2013, Petitioner filed an amended motion pursuant to Section 2255,

contending that *Miller* applies retroactively. (*See* Am. Pet. for Writ of Habeas Corpus, Docket Entry No. 5.) The government does not oppose this motion, also asserting that *Miller* is retroactive, and, as such, Petitioner's sentence as imposed is unconstitutional, requiring he be resentenced. (*See* Mem. in Supp. of Pet., Docket Entry No. 10, at 2.) On September 4, 2014, the parties notified the Court that they had reached an agreement that *Miller* applies retroactively, no further briefing is required and the Amended Petition should be granted, and submitted an executed stipulation and proposed order for this Court to endorse. (*See* September 4, 2014 Letter, Docket Entry No. 12.)

Upon review of the parties' submissions, the Court has determined that further briefing and oral argument are required. The parties are directed to brief the following issues: (1) whether *Miller* creates a new rule that applies retroactively on collateral review to juveniles sentenced to life imprisonment without parole; and (2) why the Court should not stay this case pending the Supreme Court's decision in *Montgomery v. Louisiana,* 2015 WL 1280236 (U.S. Mar. 23, 2015), which shall determine the very issue before this Court. The Court requires the additional submissions due to developments in the law subsequent to the parties' previous filings.

First, there has been substantial disagreement among federal circuit and district courts about the retroactive application of *Miller* to cases on collateral review. As a result, the Court has serious reservations about the permissibility or prudence of accepting the parties' consent to resentencing, as stipulated by them in Docket Entry 12. The Court's hesitation is supported by the fact that: (a) the Second Circuit expressly remanded this matter for this Court's determination of the issue; and (b) every federal circuit court to decide this issue directly has held that the *Miller* rule is not retroactively applicable. *See Martin v. Symmes*, 2015 WL 1514721, at *3 (8th

Cir. Apr. 6, 2015) ("Because *Miller* 'is a new procedural rule that is not of watershed magnitude, it cannot be applied retroactively to' Martin under the *Teague* exceptions.") (citing *Burton v. Fabian,* 612 F.3d 1003, 1011 (8th Cir. 2010)); *Johnson v. Ponton*, 780 F.3d 219, 226 (4th Cir. 2015) ("We therefore hold that the Supreme Court has not held the *Miller* rule retroactively applicable, and that the Court's holdings do not dictate retroactivity because the rule is neither substantive nor a watershed rule of criminal procedure"); *In re Morgan*, 713 F.3d 1365, 1367-1368 (11th Cir. 2013) *reh'g en banc denied*, 717 F.3d 1186, 1187 (11th Cir. 2013) (holding that (1) "the Supreme Court has not held that *Miller* is retroactively applicable to cases on collateral review," and (2) "*Miller* changed the procedure by which a sentencer may impose a sentence of life without parole on a minor," but it did not create a substantive rule prohibiting "a certain category of punishment for a class of defendants because of their status or offense"); *Craig v. Cain*, 2013 WL 69128, at *1 (5th Cir. Jan. 4, 2013) (finding that *Miller* does not meet one of the two *Teague* exceptions) (per curiam) (unpublished).

While no federal appellate court has yet to find *Miller* retroactive on collateral review, the U.S. Courts of Appeal for the First, Second, Third, and Fifth Circuits have authorized successive habeas corpus petitions on the ground that *Miller* provides sufficient support for a *prima facie* case of retroactivity. *See Evans-Garcia v. United States*, 744 F.3d 235, 238 (1st Cir. 2014) ("We need not answer [the question of whether Miller is retroactive] because the government has also conceded that *Miller* has been made retroactive, at least under the *prima facie* standard."); *In re Simpson*, 555 Fed. Appx. 369, 371 & n.2, 372 (5th Cir. 2014) (per curiam) (acknowledging *Craig* and deciding "not [to] resolve the ultimate issue of the retroactivity of *Miller*," but granting leave to file successive habeas petition based on *prima facie* finding that *Miller* is retroactive); *Wang v. United States*, 2013 U.S. App. LEXIS 20386 (2d Cir.

July 16, 2013) (unpublished); *In re Pendleton*, 732 F.3d 280, 283 (3d Cir. 2013) ("[W]e conclude that Petitioners have made a prima facie showing that *Miller* is retroactive.").

Additionally, several federal district courts have concluded that the *Miller* rule applies retroactively as a new substantive rule. *See, e.g.*, *Songster v. Beard*, 35 F. Supp. 3d 657, 663 (E.D. Pa. 2014) ("The *Miller* rule has both substantive and procedural elements. Substantively, it bans mandatory life without parole sentences for juvenile homicide defendants. Procedurally, it mandates a minimal process for sentencing those in that class of defendants. The former is a new substantive rule of criminal law. The latter is an implementation of the substantive rule.")[1]; *Alejandro v. United States*, 2013 WL 4574066, at *1 (S.D.N.Y. Aug. 22, 2013) ("Because *Miller* announced a new rule of constitutional law that is substantive rather than procedural, that new rule must be applied retroactively on collateral review."); *Hill v. Snyder*, 2013 WL 364198, at *2 n2 (E.D. Mich. Jan. 30, 2013) (holding that *Miller* rule is retroactive to 42 U.S.C. § 1983 plaintiffs who challenged the constitutionality of a Michigan statute prohibiting Michigan parole board from considering for parole those sentenced to life in prison for first-degree murder).[2]

Second, on March 23, 2015, the Supreme Court granted a petition for a writ of certiorari in *Montgomery v. Louisiana* to decide whether its ruling in *Miller* applies retroactively. 2015 WL 1280236 (U.S. Mar. 23, 2015). Because *Montgomery* involves the same question of law as the present case, principles of judicial economy appear to strongly favor a stay of this action pending the Supreme Court's resolution of this issue. This Court has authority to stay

---

[1] The district court's order currently is on appeal before the Third Circuit Court of Appeals. *See Songster v. Beard*, Docket No. 12-3941 (3rd Cir. 2012).

[2] After an interlocutory appeal by the defendants, the Sixth Circuit Court of Appeals ordered a stay of the district court's order, which would have required parole hearings for approximately 360 Michigan juveniles now serving life sentences for murder with no possibility of parole. *See Maxey v. Snyder*, Docket No. 13-2661, Docket Entry No. 30 (6th Cir. Dec. 23, 2013). The defendants requested that the Sixth Circuit refrain from deciding the interlocutory appeal, while maintaining a stay of the district court's order, until the Supreme Court decides *Montgomery v. Louisiana*. The Sixth Circuit has yet to issue a decision regarding any of these issues.

proceedings pending disposition of another case that could affect the outcome. *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) ("'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936))).

## CONCLUSION

For the reasons set forth above, the parties shall brief the following issues: (1) whether *Miller* creates a new substantive rule that applies retroactively on collateral review to juveniles sentenced to life imprisonment without parole; and (2) why the Court should not stay this case pending the Supreme Court's decision in *Montgomery v. Louisiana*. The parties shall file their briefs by May 15, 2015. The Court shall set the date for oral argument in a separate order.

SO ORDERED.

Dated: Brooklyn, New York
      April 30, 2015

/s/
DORA L. IRIZARRY
United States District Judge